UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:04-cv-0728-DFH-VSS |
| ) | |
| LUTHERAN HOSPITAL OF INDIANA and ) | |
| MEDTRONIC, INC., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON ATTORNEY FEE PETITIONS
BASED ON REMAND

The court previously remanded this action to state court for lack of complete diversity. The court rejected defendant Medtronic's theory of fraudulent joinder of claims and parties. See *Lyons v. Lutheran Hospital of Indiana*, 2004 WL 2272203 (S.D. Ind. Sept. 15, 2004). Plaintiff has petitioned for a fee award under 28 U.S.C. § 1447(c) in the amount of $24,165.00, and has added a supplemental request for an additional $1,545.00 incurred in seeking fees. Medtronic argues that fees should not be awarded because it had colorable grounds for removing the case. Medtronic also contends that plaintiffs' fee petition is excessive.

As the court explained in its entry remanding the case, under 28 U.S.C. § 1447(c), a plaintiff who secures a remand is presumed to be entitled to a fee award. See *Garbie v. DaimlerChrysler*, 211 F.3d 407, 411 (7th Cir. 2000);

*Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367-68 (7th Cir. 2000). The plaintiff is not required to show that the removal was done in bad faith or was unreasonable. *Garbie*, 211 F.3d at 410; *Tenner v. Zurek*, 168 F.3d 328, 329-30 (7th Cir. 1999). However, an issue of fraudulent joinder can be "so close that costs should not be granted." *Valentine v. Ford Motor Co.*, 2003 WL 23220758, *6 (S.D. Ind. Nov. 21, 2003) (Tinder, J.) (awarding fees for remand where issue was not so close as to warrant denial of fees); *Guyant v. Johnson & Johnson, Inc.*, 2003 WL 1921819, *5 (S.D. Ind. April 21, 2003) (Hamilton, J.) (ordering remand but denying fees where viability of removal was "reasonable and presented a fairly close question" for remand).

Medtronic and plaintiffs have briefed in additional detail whether the removal in this case was justified on the basis of fraudulent joinder. Medtronic suggests that plaintiffs were deliberately vague in the complaint as to the basis for the claims against Lutheran Hospital. The complaint appears to have complied with the procedural requirements of the Indiana state court in which it was filed. Further, it was clear that plaintiff had filed both a state court action against Lutheran Hospital and a complaint with the Indiana Department of Insurance. The latter complaint was the first step in pursuing a medical malpractice claim. Ind. Code § 34-18-8-4.

The burden has always been on Medtronic to justify its removal of this action, and the burden is especially great on a theory of fraudulent joinder. The

critical question is whether plaintiff's claim against Lutheran Hospital based on Mrs. Lyons' fall on March 26, 2002, is necessarily within the scope of the Medical Malpractice Act or instead could be a premises liability claim outside the scope of the act. The deposition testimony of Mrs. Lyons' daughter indicates that as Mrs. Lyons was being discharged from the hospital, she was being assisted to the restroom by two nurses when she hit her head on a door frame. Her daughter testified that the nurses "were trying to get her through the bathroom door, and her head was wobbling back and forth, and it whacked the door." S. Lyons Dep. at 43.

On the record before this court, both at the time of remand and now, it simply is not clear whether plaintiff's claim against Lutheran Hospital is or is not subject to the Medical Malpractice Act. Arguments can be made both ways. It may take a trial or even an appeal to resolve the issue definitively. In light of that uncertainty, plaintiff has faced some difficult procedural issues to protect his ability to pursue both theories and to avoid being forced to make a premature choice. Plaintiff has addressed the problem by filing both the state court action and the complaint with the Department of Insurance. Plaintiff also informed Medtronic's counsel in a letter dated May 3, 2004, before filing the motion to remand, that plaintiff was asserting premises liability claims against Lutheran Hospital that would not be subject to the Medical Malpractice Act.

By removing the case on the theory of fraudulent joinder, Medtronic took upon itself one of the most stringent burdens of proof and persuasion known to federal civil law. "The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original). In making that evaluation, the court must give plaintiff the benefit of the doubt on all fairly disputable issues of both fact and law. *Id.*; *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Joinder is not fraudulent if a plaintiff's claims depend on fairly debatable issues of state law that require substantial analysis. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992).

An award of fees under 28 U.S.C. § 1447(c) is not intended to sanction a defendant or its counsel for improper conduct; it is intended to compensate the plaintiff for the additional expense he has incurred as a result of the removal. *Garbie*, 211 F.3d at 410. The court sees no persuasive reason to deny fees to the plaintiff in this case.

Plaintiff's petition, however, is excessive in two respects. It seeks fees for a great deal of work that did not result from the removal itself. It is also based on excessive hourly rates.

The statute authorizing the fee award authorizes fees and costs "incurred as a result of the removal." 28 U.S.C. § 1447(c). It does not authorize a fee award for all work done while the case was pending in federal court. Plaintiff's fee petition includes time spent interviewing witnesses and doing legal research on issues that will be part of the case regardless of whether it proceeds in federal court or state court. Also, much of the procedural work that occurred in federal court, such as preparing initial discovery disclosures and planning discovery, should still have been useful in the state court after remand. The time for such efforts did not result from the removal and is not compensable under section 1447(c).

In addition, plaintiff's lawyers based their petition not on contemporary billing records but on reconstructions done several months later, which requires considerable caution in evaluating the details. See, *e.g., Dutchak v. Central States, Southeast and Southwest Areas Pension Fund*, 932 F.2d 591, 597 (7th Cir. 1991) (affirming use of 10 percent discount for reconstructed time records); *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, Entry on Post-Judgment Motions, 2002 WL 1801647, *3 (S.D. Ind. July 5, 2002) (applying 25 percent discount to reconstructed time records). After reviewing the petition and supporting

materials, and resolving doubts in favor of defendant as a result of the reconstructed records, the court finds that attorney Robinson reasonably expended 20 hours as a result of the removal and that attorney Caplin reasonably expended 7.5 hours as a result of the removal.

Plaintiff's fee petitions are based on hourly rates of $375 for Mr. Caplin and $225 for Ms. Robinson. The original fee petition includes affidavits from other attorneys more familiar with hourly billing rates in the Indianapolis market. One affidavit states that reasonable ranges would be $250 to $300 for Mr. Caplin and $140 to $175 for Ms. Robinson. The other states that a reasonable rate for Mr. Caplin would be $275 and for Ms. Robinson $150. The court finds that the reasonable rates would be $250 for Mr. Caplin and $140 for Ms. Robinson. Accordingly, the court orders defendant Medtronic to pay plaintiff Edward Lyons the sum of $4,675.00 pursuant to 28 U.S.C. § 1447(c). The court allows no additional fees on the supplemental fee petition because so much of the attorney work devoted to the fee petition itself was unsuccessful. The court will enter a separate judgment awarding $4,675.00 in fees.

So ordered.

Date: August 19, 2005

                                                DAVID F. HAMILTON, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Copies to:

Stephen B. Caplin
CAPLIN PARK TOUSLEY & MCCOY
sbcpc@yahoo.com joni_strahl@hotmail.com

Jeremy A. Klotz
ICE MILLER
jeremy.klotz@icemiller.com

Kevin R. Knight
ICE MILLER
kevin.knight@icemiller.com

Charles W. McNagny
cwm1@glmlaw.net

Julie A. Robinson
CAPLIN PARK TOUSLEY & MCCOY
julieahudson@hotmail.com